## BENJAMIN HORNER *v.* KETURAH HEWLINGS, ABRAHAM HEWLINGS and BETHUEL HEWLINGS.

### CERTIORARI.

A Justice may, on reasonable cause being assigned, grant a second adjournment within the period of thirty days from the return of the process; and is not restricted in granting such adjournment to the single cause of the absence of a material witness shewn by affidavit.

---

The opinion of the court was delivered by EWING, C. J.

One of the reasons assigned for the reversal of the judgment in this case is that the justice refused an adjournment applied for by the defendant before him.

On the 1st of December, 1823, the return day of the summons, the justice at the request of the defendant adjourned the cause for two weeks. Under the date of the 15th December, 1823, after stating the appearance of the plaintiffs and the return of the venire, the justice has made the following entry in his docket : "Defendant's son appeared with a request in writing from defendant for a further adjournment, to which the plaintiff would not agree ; the defendant having filed no [the word, affidavit, is here manifestly omitted] nor paid the costs as is required by law in order to obtain a second adjournment, whereupon the jury were duly affirmed to try the cause," and a verdict was found and judgment rendered for the plaintiffs. An affidavit was read here, of the son of the defendant who states that he was sent with and delivered to the justice the request in writing, which is produced, and whereby the defendant alleges that he is unwell and cannot attend ; that but three or four of the jurors were there when he arrived at the place of trial ; that the justice said if the plaintiffs would consent the trial might go off, otherwise it must go on ; and that the defendant was sick and unable to attend, the distance being seven or eight miles and the weather stormy.

A very different case would have been presented, had the justice exercised his discretion and decided on the propriety of the application and the sufficiency of the grounds laid for it. But it is evident that the justice considered it a legal question and not a question of discretion ; that he had no authority to exercise a discretion and was bound to refuse an adjournment, without the consent of the plaintiffs, unless the defendant filed an affidavit of the want of a material witness and made payment of the costs, as mentioned in the proviso of the 17th section of the act of February, 1818, *Bev. Laws* 638 ; or in other words, that a second adjournment even within the period of thirty days from the return

of the process could be made only in the instance and upon the terms mentioned in the section; and in this respect the justice, in my opinion, erred.

In the act of February, 1775, *Allinson* 463, to erect and establish courts for the trial of small causes, the following provisions are made respecting adjournments. By section 1st at the time appointed [in the summons] for the hearing of any such cause or on some such other day as such justice shall think reasonable to appoint, the said justice shall proceed to hear and examine the allegations and evidences of the plaintiff and defendant and give his judgment thereupon. By section 3d, If any defendant shall require a longer time than is first appointed by the said justice and will if required give security to appear and stand trial on such other day as shall be appointed then the justice is required and empowered to adjourn the trial to any day he shall think most convenient not exceeding 12 days nor less than 3 days from that time unless the justice and parties shall otherwise consent and agree. In the act of 1798, *Patt.* 316, section 18, a more liberal and convenient provision was made. To prevent fraud or surprise on either side or on reasonable cause being assigned by or in behalf of either party, the justice might adjourn the trial to any time not exceeding 15 days from the return day of the summons, or if the process be by warrant from the time when the same was returned or from the time of appearance mentioned in the recognizance, except in case of the absence of a material witness out of the state, when the justice might postpone the trial not exceeding three months. Under this act it was repeatedly decided in this court that an adjournment could not in ordinary cases be made without consent of parties beyond 15 days. *Pedrick* v. *Shaw, Pen.* 57 ; *Auten* v. *Bryan, ibid* 145 ; *Bispham* v. *Tucker, Pen.* 253 ; *Cozens* v. *Allen, ibid* 851. The power of the justice was somewhat extended by the 7th section of the act of November, 1809, Bloomfield 75. If either of the parties cannot on the day

of the first adjournment safely go to trial for want of a material witness whom he shall name and thinks he can produce on a future day and shall file an affidavit thereof with the justice, he may adjourn to a future day not less than 5 nor more than 15 days excluding Sundays, on payment of costs. By this provision, where the first adjournment was made to or near to the close of the 15 days, another adjournment might in the specified case be made for a time not exceeding the same period. In the act of February, 1818, *Rev. Laws,* 629, by which the existing regulations of the court for the trial of small causes, were revised and brought into one statute, the provisions of the 18th section of the act of 1798, and the 7th section of the act of 1809, were re-enacted allowing however the adjournment mentioned in the latter section to be extended to 30 instead of 15 days. Great inconvenience having been experienced from the shortness of the period of 15 days, within which, in ordinary cases, the trial and judgment were required, the Legislature in November, 1820, *Rev. Laws* 798, *section 5,* enacted that the time within which the trial shall be had shall not be limited to 15 days as heretofore, but shall be extended to 30 days from the return of the original process. This section is repealed, but supplied in the same terms by the act of November, 1821, *Pamph.* 8.

From this review, it appears that to prevent fraud or surprise on either side or on reasonable cause being assigned by or in behalf of either party, the justice may make one or more adjournments within the limit of 30 days, and that on the first adjournment, although that be on the last of those days, either party on filing an affidavit of the want of a material witness whom he shall name and thinks he can procure on a future day, and on payment of costs, may have an adjournment even beyond the originally limited period and for a time not exceeding 30 days. But the Legislature in thus authorizing an adjournment in an individual instance beyond the 30 days, did not design thereby to diminish the

grounds on which the adjournments might be made within that time, did not intend to prohibit a second adjournment in all cases without such affidavit. Many circumstances might require it—none more imperiously than a sickness and consequent inability of a party to attend. In short, the matter of adjournment within the 30 days is left precisely as if no provision for an extension beyond that time had been made. The justice therefore in the case before us ought to have had no regard to the consent or refusal of the plaintiffs, but to have considered whether reasonable cause was assigned, and if he required a verification of the cause on oath or affirmation, and held the payment of the costs of the day as a reasonable term to induce a compliance with the application, he should have so declared to the person by whom the cause was assigned in behalf of the defendant. Inasmuch as the justice, from misapprehension of the law proceeded on an erroneous principle and thereby in fact omitted to hear reasonable cause assigned for an adjournment which he had authority to grant, and which cause is abundantly shewn to have actually existed, and not to have been merely feigned for the purpose of delay.

Let the judgment be reversed.